UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 12-MD-02324-LENARD/O'SULLIVAN

In re: HORIZON ORGANIC MILK
PLUS DHA OMEGA-3 MARKETING
AND SALES PRACTICE LITIGATION
_____/

# ORDER

THIS MATTER is before the Court on the Plaintiffs' Motion for Reconsideration of Order Excluding Testimony of Dr. Richard P. Bazinet Ph.D. (DE# 227, 5/5/14) and the Plaintiffs' Request for Oral Argument on Their Motion for Reconsideration of Order Excluding Testimony of Richard P. Bazinet Ph.D. (DE# 228, 5/5/14). Having reviewed the applicable filings and the law, it is

ORDERED AND ADJUDGED that the Plaintiffs' Request for Oral Argument on Their Motion for Reconsideration of Order Excluding Testimony of Richard P. Bazinet Ph.D. (DE# 228, 5/5/14) is **DENIED as moot**. It is further

ORDERED AND ADJUDGED that the Plaintiffs' Motion for Reconsideration of Order Excluding Testimony of Dr. Richard P. Bazinet Ph.D. (DE# 227, 5/5/14) is **DENIED** for the reasons stated herein.

## BACKGROUND

On February 21, 2014, the defendant moved to strike the plaintiffs' expert, Dr. Richard P. Bazinet, under Daubert v. Merrell Dow Pharms., Inc., 509 U.S. 579, 589 (1993). See Defendant's Motion to Strike and/or Exclude the Testimony and Opinions of Richard P. Bazinet, Ph.D. and Incorporated Memorandum of Law (DE# 146, 2/21/14). The defendant raised multiple grounds for excluding the testimony of Dr.

Bazinet including the argument that Dr. Bazinet failed to extrapolate the five randomized controlled trials ("RCTs") to the putative all-purchase classes. Id. at 21-22. The plaintiffs chose not to address the defendant's extrapolation argument in their response brief and Dr. Bazinet similarly did not explain how he extrapolated the data of the five RCTs during his deposition, in his original report dated November 13, 2013 or in his March 28, 2014 merits report, filed after the defendant had raised its extrapolation argument. The Court issued an Order striking Dr. Bazinet as an expert on the ground that Dr. Bazinet failed to explain how the five RCTs could be extrapolated to the putative classes. See Order (DE# 221 at 27-28, 4/28/14).

On May 5, 2014, the plaintiffs filed the instant motion. See Plaintiffs' Motion for Reconsideration of Order Excluding Testimony of Dr. Richard P. Bazinet Ph.D. (DE# 227, 5/5/14). The defendant filed its response in opposition on May 23, 2014 and the declaration of attorney Allen P. Lohse. See Defendant's Opposition to Plaintiffs' Motion for Reconsideration of the Order Excluding the Testimony of Richard P. Bazinet, Ph.D. (DE# 262, 5/23/14); Declaration of Allen P. Lohse, Esq. in Support of Defendant's Opposition to Plaintiffs' Motion for Reconsideration of the Order Excluding the Testimony of Richard P. Bazinet, Ph.D. (DE# 263, 5/23/14).[1] The plaintiffs filed their reply on June 2, 2014. See Plaintiffs' Reply in Support of Their Motion for Reconsideration of Order Excluding Testimony of Richard P. Bazinet, Ph.D. (DE# 268, 6/2/14). This matter is ripe for consideration.

---

[1] The defendant initially filed its response and the declaration of Mr. Lohse on May 22, 2014, but withdrew and re-filed both documents due to error. See Notice of Errata re Defendant's Opposition to Plaintiffs' Motion for Reconsideration of the Order Excluding the Testimony of Richard P. Bazinet, Ph.D. (DE# 261, 5/23/14).

2

## STANDARD OF REVIEW

Generally, there are three grounds justifying reconsideration of an order: (1) an intervening change in controlling law; (2) the availability of new evidence and (3) the need to correct clear error or manifest injustice. Matthews v. Whitewater W. Indus., Ltd., No. 11-24424-CIV, 2012 WL 6012894, at *4 (S.D. Fla. Dec. 3, 2012) (citing Instituto de Prevision Militar v. Lehman Bros., Inc., 485 F. Supp. 2d 1340, 1342 (S.D. Fla. 2007)). "A motion for reconsideration should not be used as a vehicle to present authorities available at the time of the first decision or to reiterate arguments previously made. . . ." Z.K. Marine, Inc. v. M/V Archigetis, 808 F. Supp. 1561, 1563 (S.D. Fla. 1992). Moreover, a party should not use a

> motion to reconsider to ask the Court to rethink what the Court . . . already thought through – rightly or wrongly . . . . The motion to reconsider would be appropriate where, for example, the Court has patently misunderstood a party, or has made a decision outside the adversarial issues presented to the Court by the parties, or has made an error not of reasoning but of apprehension. A further basis for a motion to reconsider would be a controlling or significant change in the law or facts since the submission of the issue to the Court. Such problems rarely arise and the motion to reconsider should be equally rare.

Id. (quoting Above the Belt, Inc. v. Mel Bohannan Roofing, Inc., 99 F.R.D. 99, 101 (E.D. Va. 1983)). "[R]econsideration of a previous order is an extraordinary remedy to be employed sparingly." Burger King Corp. v. Ashland Equities, Inc., 181 F. Supp. 2d 1366, 1370 (S.D. Fla. 2002) (citing Mannings v. Sch. Bd. of Hillsborough Cnty., 149 F.R.D. 235, 235 (M.D. Fla. 1993)).

## ANALYSIS

In the instant case, the plaintiffs argue that the Court should reconsider its prior Order (DE# 221, 4/28/14) excluding the testimony of Dr. Bazinet as unreliable under

Daubert because:

> (1) it would be manifestly unjust to deprive Plaintiffs of the use of Dr. Bazinet's testimony in this case because he has supported his opinion with the IOM study and other data that is directly on point and requires no extrapolation; (2) the IOM and the other data was overlooked or misapprehended by the Court in deciding to strike Dr. Bazinet's entire opinion for failure to extrapolate despite multiple citations to the IOM and that data in Plaintiff[s'] Response; (3) Dr. Bazinet did explain how all of the data he relied upon, including the five RCTs, could be extrapolated to the class; and (4) the FDA final rule is truly new evidence that directly supports Dr. Bazinet's opinion without extrapolation.

Plaintiffs' Motion for Reconsideration of Order Excluding Testimony of Dr. Richard P. Bazinet Ph.D. (DE# 227 at 5-6, 5/5/14). The undersigned will address these arguments below.

### 1. The Extrapolation Argument

As previously noted, the Court excluded Dr. Bazinet's testimony on one ground: Dr. Bazinet's failure to explain how the five RCTs he relied on could be extrapolated to the putative classes. See Order (DE# 221 at 27-28, 4/28/14). The Court specifically noted that "[n]either the plaintiffs nor Dr. Bazinet address[ed] the defendant's extrapolation argument," that "Dr. Bazinet d[id] not even attempt to argue that the sample size of the five RCTs of women and children (involving mostly subjects in the United Kingdom) [we]re sufficient to make a reliable extrapolation to the putative classes of consumers of the defendant's milk products in the United States" and that "Dr. Bazinet simply ignore[d] the issue and ma[de] no attempt to explain how this extrapolation c[ould] be made." Id. at 27-28.

One of the arguments raised by the plaintiffs in their motion for reconsideration is that Dr. Bazinet relied on evidence other than the five RCTs that did not require

extrapolation, namely, the Institute of Medicine ("IOM") report, "the fact that in the last thirty or so years, there has been only one reported 'case of omega-3 fatty acid deficiency in the USA'" and "basic chemistry and the biology of the human brain and the way ALA (a precursor to DHA) interacts with it . . . ." Plaintiffs' Motion for Reconsideration of Order Excluding Testimony of Dr. Richard P. Bazinet Ph.D. (DE# 227 at 6-7, 5/5/14).

The plaintiffs note that they "cited to the IOM report and the fact that Americans get enough DHA in their diet multiple times in their Opposition" to the motion to strike. Plaintiffs' Motion for Reconsideration of Order Excluding Testimony of Dr. Richard P. Bazinet Ph.D. (DE# 227 at 7 at n.3, 5/5/14). The plaintiffs miss the point. The undersigned agrees that the plaintiffs did cite multiple times to the IOM report and the fact that Americans get enough DHA in their diet in their opposition to the motion to strike. However, they never once cited to the IOM report or the sufficiency of DHA in the American diet <u>as a basis for refuting the defendant's argument that Dr. Bazinet failed to extrapolate the five RCTs</u>. They simply did not address the defendant's extrapolation argument.

The plaintiffs illustrate their point in a footnote on page seven of the instant motion by listing the places in their opposition to the motion to strike where they cited to the IOM report and the fact that Americans get enough DHA in their diet. Notably, none of these instances was in response to the defendant's extrapolation argument. For example, in a footnote on page three of their opposition motion, the plaintiffs stated, "[m]oreover, it is undisputed that the American diet contains more than enough nutrients to meet this 4 milligram per day requirement, and the supplementation of

DHA, including in the Milk Products at issue, is completely unnecessary" and on the same page the plaintiffs also stated, "the DHA derived algal oil supplement in the Milk Products is superfluous and does not support brain health." Plaintiffs' Opposition to Defendant's Motion to Strike and/or Exclude the Testimony and Opinions of Richard P. Bazinet, Ph.D. (DE# 186 at 5, 3/31/14). Both statements were made in response to the defendant's "specious arguments that Dr. Bazinet's opinion is not admissible because it does not 'fit' this case." Id. at 3. On page five of their response to the motion to strike, the plaintiffs noted that one of the things Dr. Bazinet relied upon was "information from the Institute of Medicine." Id. at 5. This statement was made in response to the argument that Dr. Bazinet's opinion was limited to healthy individuals. Id. at 4 (stating, "Defendant argues that Dr. Bazinet's testimony is not relevant because his opinion is allegedly limited to 'healthy' individuals. Motion at 8. This is yet another mischaracterization of Dr. Bazinet's testimony."). The plaintiffs also noted, "[i]n addition, Dr. Bazinet relied upon the IOM report, which states that the average American consumes an adequate amount of omega-3 fatty acids, thus rendering the DHA supplement in the Milk Products superfluous." Id. at 8 n.6. This comment was made in response to the argument that Dr. Bazinet "cherry picked" the studies. Id. at 7.

Similarly, on page nine of their response in opposition, the plaintiffs stated, "as Dr. Bazinet explained at his deposition, the IOM [r]eport is the most current and accurate authority for adequate omega-3 intake because the IOM [r]eport deals with the U.S. population dietary intake as a whole as opposed to the Dietary Guidelines which are discussing a specific food that contributes to the dietary intake." Plaintiffs' Opposition to Defendant's Motion to Strike and/or Exclude the Testimony and Opinions

of Richard P. Bazinet, Ph.D. (DE# 186 at 9, 3/31/14). This statement was made in support of the argument that the defendant's reliance on the Dietary Guidelines for Americans 2010 was "misplaced" because those guidelines "related to the consumption of fish in the diet . . . and discussed benefits to the cardio vascular system" as opposed to brain health. Id. On the following page, the plaintiffs stated: "The IOM has recognized that Americans get sufficient DHA from their diet, and thus, the DHA in the milk product is superfluous and provides no measurable brain health benefit or support." Id. at 10. This statement was made as part of a string citation to show that Dr. Bazinet's opinion in the instant case is "entirely consistent" with an article he co-wrote in 2009 with a scientist named Michael A. Crawford. Id. Finally, in a footnote on page 15, the plaintiffs stated:

> Defendant cherry picks a line from the Johnson study that "Deficiency of DHA, a dietary fatty acid that is particularly enriched in fish, and which is required for brain function has been implicated in cognitive decline" in an attempt to undermine Dr. Bazinet's well-supported opinion that Americans get sufficient DHA. Defendant's argument is nonsense. See Bazinet Decl. at 9 (quoting IOM [r]eport) ("'The AI [adequate intake] is based on the median intakes of α-linolenic acid [ALA] in the United States where the presence of n-3 polyunsaturated fatty acid [omega-3s, including DHA] deficiency is nonexistent.'"). In fact, there hasn't been a single report of an omega-3 fatty acid deficiency in the USA for more than 30 years. Bazinet Decl. at 8.

Id. at 15 n.13. That footnote was written in support of the plaintiffs' argument that the "[d]efendant incorrectly claim[ed] that [the] Johnson et al. [study] support[ed] the notion that Americans need more DHA in their diet." Id. at 15. Every instance where the plaintiffs cited to the IOM, to science or to the fact that there have been no reported cases of omega-3 fatty acid deficiency in the United States in approximately thirty years in their opposition to the motion to strike addressed an argument other than the

7

defendant's extrapolation argument.

Essentially, the plaintiffs claim that because they cited multiple times to the IOM report and to other evidence to refute other arguments raised by the defendant in its motion to strike, the Court misapprehended or overlooked the IOM report and other evidence by not sua sponte applying this evidence to refute the defendant's extrapolation argument. The undersigned did not "overlook" or "misapprehend" an argument that the plaintiffs never made. In their reply, the plaintiffs state: "while perhaps not using the word 'extrapolation,' Plaintiffs showed how the totality of Dr. Bazinet's opinion, including the five RCTs, can be extrapolated to reach Classwide conclusions." Plaintiffs' Reply in Support of Their Motion for Reconsideration of Order Excluding Testimony of Richard P. Bazinet, Ph.D. (DE# 268 at 3, 6/2/14). The fact that the plaintiffs have now combed through multiple and at times non-sequential pages of their opposition to the motion to strike to show where Dr. Bazinet purportedly addressed the defendant's extrapolation argument speaks volumes. It is not the Court's responsibility to mine the record in order to find evidence to refute an argument raised by one of the parties. As the proponents of the expert, it was the plaintiffs' burden to show that Dr. Bazinet's testimony met the requirements of Daubert. See United States v. Frazier, 387 F.3d 1244, 1260 (11th Cir. 2004) (en banc) (citing Quiet Tech. DC-8 v. Hurel-Dubois UK Ltd., 326 F.3d 1333, 1341 (11th Cir. 2003)). The plaintiffs never addressed the extrapolation argument in their response to the defendant's motion to strike and should not be permitted to do so now under the narrow standard for granting motions for reconsideration. The Court's failure to consider an argument which the plaintiffs never made is hardly the clear error or manifest injustice required to grant the "extraordinary"

and sparingly used remedy of reconsideration.

It is also telling that the plaintiffs felt compelled to submit a new declaration from Dr. Bazinet to explain the extrapolation of the five RCTs, a subject which they purportedly addressed in their response to the motion to strike. See Declaration of Richard P. Bazinet in Support of Motion for Reconsideration (DE# 227-1 at 3-4, 5/5/14).[2] The undersigned gave careful consideration to the parties' voluminous submissions, including Dr. Bazinet's deposition testimony and his two expert reports, and ultimately concluded in a detailed 29-page opinion that Dr. Bazinet's testimony should be excluded under Daubert. See Order (DE# 221, 4/28/14). The plaintiffs now seek to introduce a new declaration from Dr. Bazinet in order to show how the five RCTs can be reliably extrapolated to the instant case. The plaintiffs should have provided this explanation in the first instance, in response to the defendant's motion to strike. The plaintiffs have offered no valid reason why Dr. Bazinet could not have addressed the issue earlier, especially when the defendant raised the extrapolation argument in its initial brief, in a separate and clearly labeled subsection entitled "Dr. Bazinet Failed to Explain How He Can Extrapolate the Results of Five Short Studies in 49 Women and 658 Children to 'All-Purchaser' Classes." Defendant's Motion to Strike and/or Exclude the Testimony and Opinions of Richard P. Bazinet, Ph.D. and

---

[2] In its response to the instant motion for reconsideration, the defendant moves to strike Dr. Bazinet's new declaration as untimely under Rule 37(c)(1) of the Federal Rules of Civil Procedure. See Defendant's Opposition to Plaintiffs' Motion for Reconsideration of the Order Excluding the Testimony of Richard P. Bazinet, Ph.D. (DE# 262 at 14, 5/23/14). Because the undersigned will not reconsider the prior Order (DE# 221), there is no need to strike Dr. Bazinet's new declaration.

Incorporated Memorandum of Law (DE# 146 at 21, 2/21/14). Parties who ignore arguments made by their opponents do so at their own peril and should not rely on the restrictive standard of a motion for reconsideration to provide them with a second bite at the apple.

Another argument raised by the plaintiffs in their motion for reconsideration is that "[a]ny 'gap' between the five RCTs and Dr. Bazinet's opinion was very narrow and required only minimal extrapolation." Plaintiffs' Motion for Reconsideration of Order Excluding Testimony of Dr. Richard P. Bazinet Ph.D. (DE# 227 at 8, 5/5/14). The plaintiffs point out that the defendant's milk products use the "exact Martek algal oil DHA" used in the five RCTs, the RCTs were done on humans and the RCTs examined the effect of DHA on the brain (as opposed to another area of the body). Id. at 8-9. All of these arguments could have, and should have, been made in response to the original Daubert motion.

The plaintiffs also argue that "the Court overlooked or misapprehended Dr. Bazinet's detailed explanation why, especially in light of the evidence concerning chemistry, human biology and lack of DHA deficiency in the United States, the five RCTs were sufficient to draw a conclusion about (or extrapolate to) the U.S. consuming public . . . ." Plaintiffs' Motion for Reconsideration of Order Excluding Testimony of Dr. Richard P. Bazinet Ph.D. (DE# 227 at 10, 5/5/14). For instance, the plaintiffs maintain that the sample size of the five RCTs, the "total number of subjects (600),"[3] was

---

[3] According to the chart in Dr. Bazinet's November 13, 2013 report, there were a total of 707 participants in the five RCTs. See November 13, 2013 Report of Dr. Bazinet (DE# 146-3 at 7, 2/21/14)

sufficient because Dr. Bazinet proclaimed "that the data was 'sufficient to draw conclusions as to whether the DHA in the Milk Products provides brain health function benefits" and because Dr. Bazinet noted that in some instances "meta analysis have been published in high quality journals with fewer than five studies." Id. (citations omitted). The fact that Dr. Bazinet counted the total number of subjects in the five RCTs and stated in a conclusory manner that the data was sufficient because some journals have published meta analysis with fewer than five studies is not the same as providing a "detailed explanation" of how the five RCTs could reliably be applied to the putative classes in the instant case.[4]

As further evidence that Dr. Bazinet provided a "detailed explanation why . . . the five RCTs were sufficient to draw a conclusion about (or extrapolate to) the U.S. consuming public," the plaintiffs note that "Dr. Bazinet was cognizant of potential differences in the human subjects and accordingly excluded infants from his opinion because, unlike children or adult males and females, they do have differing nutritional needs that are relevant." Plaintiffs' Motion for Reconsideration of Order Excluding Testimony of Dr. Richard P. Bazinet Ph.D. (DE# 227 at 10, 5/5/14) (citation omitted).

---

[4] Conversely, the plaintiffs argue that "there is no evidence in the record to support the notion that the sample sizes of the RCTs were too small (either individually or in the aggregate), that there is any biological (or other) difference between children/adults or male/females relating to the effect of DHA on the brain such that Dr. Bazinet's opinion should be excluded, or that there is any significant difference between subjects in the United Kingdom and the United States." Plaintiffs' Motion for Reconsideration of Order Excluding Testimony of Dr. Richard P. Bazinet Ph.D. (DE# 227 at 12, 5/5/14). Leaving aside the fact that the plaintiffs, as the proponents of this expert testimony, had the burden of proving reliability, these arguments should have been made in response to the motion to strike rather than now in a motion for reconsideration.

Not one subject in the five RCTs was an infant. See November 13, 2013 Report of Dr. Bazinet (DE# 146-3 at 7, 2/21/14) (chart denoting that the youngest participants of the five RCTs were four-year old boys). Thus, it is unclear how Dr. Bazinet's exclusion of infants from his opinion explains how he extrapolated the studies to apply to the U.S. consuming public.

The plaintiffs also note that the RCT participants were given higher doses of DHA than the amount of DHA in the defendant's milk products, that "many of the subjects . . . were 'consuming low levels of omega-3 fatty acids" and that "Dr. Bazinet reviewed 'all' of the RCTs . . . and the RCTs were 'consistent[ ].'" Plaintiffs' Motion for Reconsideration of Order Excluding Testimony of Dr. Richard P. Bazinet Ph.D. (DE# 227 at 10-11, 5/5/14) (citations omitted; alteration in motion). The plaintiffs further note that RCTs are "'the gold standard' of scientific evidence." Id. at 11. While these facts may support Dr. Bazinet's ultimate conclusions, they were not raised in response to the defendant's extrapolation argument and do not show how Dr. Bazinet "provided a detailed explanation" for why the five RCTs could be reliably extrapolated to the U.S. consuming public.

The plaintiffs further state, "[t]he RCTs were not viewed in a vacuum, and were 'supported by the' IOM findings that DHA is not needed in the American diet." Motion for Reconsideration of Order Excluding Testimony of Dr. Richard P. Bazinet Ph.D. (DE# 227 at 11, 5/5/14). The undersigned has already addressed why the plaintiffs' multiple citations to the IOM report in their response to the motion to strike were not used to counter the defendant's extrapolation argument. See supra.

The plaintiffs also note that "Dr. Bazinet considered two trials of over 450

12

'unhealthy' subjects including children and adults, both males and females from around the U.S. which 'show[ed] a lack of efficacy' and support his opinion."[5] Motion for Reconsideration of Order Excluding Testimony of Dr. Richard P. Bazinet Ph.D. (DE# 227 at 11, 5/5/14). It is unclear how two additional RCTs which Dr. Bazinet deemed "not relevant" explain how Dr. Bazinet extrapolated the data from the five RCTs cited in his reports. As evidence that "Dr. Bazinet was aware of the problem of improper extrapolation of data," the plaintiffs note that Dr. Bazinet did not consider studies involving "fish or fish oil" or animals. Again, the studies upon which Dr. Bazinet did not rely do not explain how he extrapolated the five RCTs to the putative classes.

As further grounds for reconsideration, the plaintiffs state that their "ability to prove their case will be extremely prejudiced if the testimony of their sole merits expert is excluded . . . ." Plaintiffs' Motion for Reconsideration of Order Excluding Testimony of Dr. Richard P. Bazinet Ph.D. (DE# 227 at 16, 5/5/14). The adverse effect of a ruling on one of the parties is not a recognized ground for reconsideration. In their reply, the plaintiffs reiterate that given the "critical nature" of Dr. Bazinet's expert testimony, "it would be manifestly unjust to exclude Dr. Bazinet's opinion on the grounds that he did not explain how the RCTs could be extrapolated when he did show that extrapolation of the RCTs was appropriate, and his opinion relied upon scientific evidence that needed no extrapolation, but the Court overlooked or misapprehended this key evidence."

---

[5] With respect to these two trials (and a third one), Dr. Bazinet stated, "[t]hese studies are not relevant to Defendant's Milk as Plaintiffs' counsel has advised that Defendant does not market the Milk Products to unhealthy people." March 28, 2014 Report of Dr. Bazinet (DE# 186-1 at 8, 3/31/14). Thus, while Dr. Bazinet may have "considered" these two additional RCTs, he certainly did not deem them relevant in forming his opinion.

13

Plaintiffs' Reply in Support of Their Motion for Reconsideration of Order Excluding Testimony of Richard P. Bazinet, Ph.D. (DE# 268 at 2, 6/2/14). For the reasons stated above, the undersigned rejects the underlying factual premise of this argument. In light of Dr. Bazinet's importance to the plaintiffs' case, the plaintiffs should have responded to all the challenges raised by the defendant in their motion to strike Dr. Bazinet, including Dr. Bazinet's failure to extrapolate the five RCTs to the putative classes. Having failed to respond to the extrapolation argument in the first instance, the plaintiffs should not be permitted to reopen the proceedings.

The undersigned's failure to interpret the evidence in the manner that the plaintiffs would have liked is not "clear error or manifest injustice," especially given that the plaintiffs never bothered to address the defendant's extrapolation argument in their original response in opposition to the defendant's motion to strike. "In order to demonstrate clear error, the party must do more than simply restate his previous arguments, and **any arguments the party failed to raise in the earlier motion will be deemed waived.**" O'Neill v. The Home Depot U.S.A., Inc., 243 F.R.D. 469, 483 (S.D. Fla. 2006) (emphasis added). Now that the undersigned has ruled in favor of the defendant, the plaintiffs want to devote time and a third expert declaration to showing that extrapolation of the five RCTs in the instant case is either possible or not necessary.[6] The plaintiffs should have made these arguments in the first instance,

---

[6] The plaintiffs want the Court to conclude that Dr. Bazinet's opinion would still stand even in the absence of the five RCTs. See Plaintiffs' Motion for Reconsideration of Order Excluding Testimony of Dr. Richard P. Bazinet Ph.D. (DE# 227 at 8 n.7, 5/5/14) (stating that "Dr. Bazinet's opinion would be the same even without the existence of the RCTs."). Yet, in his March 28, 2014 Report, Dr. Bazinet states that "**these five RCTs** comprise all the relevant trials performed with the algal DHA used in

rather than waiting until the Court ruled against them to address an issue that was prominently raised in the defendant's opening brief.

For good reason, the courts strongly discourage litigants from engaging in the conduct demonstrated here by the plaintiffs. "In the interests of finality and conservation of scarce judicial resources, reconsideration of a previous order is an extraordinary remedy to be employed sparingly." Lamar Adver. of Mobile, Inc. v. City of Lakeland, Fla., 189 F.R.D. 480, 489 (M.D. Fla. 1999). The plaintiffs' dissatisfaction with the undersigned's ruling is not grounds for reconsideration. There is a difference between evidence in the record that could support an argument and actually making that argument. The plaintiffs did not address the extrapolation argument in their response to the defendant's Daubert challenge and should not be permitted do so now on a motion for reconsideration. See Wilchombe v. TeeVee Toons, Inc., 555 F.3d 949, 958 (11th Cir. 2009) (stating that arguments that "could and should have been presented to the district court for consideration prior to [its] decision on the summary judgment motion" were properly rejected for this reason).

### 2. The FDA's Nutrition Content Rule Is Not "New Evidence" Which Would Warrant a Reconsideration of the Court's Prior Ruling

The plaintiffs cite to a ruling by the United States Food and Drug Administration ("FDA") as grounds for reconsideration of the Order striking Dr. Bazinet's testimony. The plaintiffs argue that "the FDA issued a final rule that confirms that DHA is not an essential nutrient and that there is no recommended daily allowance for it, citing the

---

the Milk Products in healthy children and adults and thus **represent the totality of the scientifically credible and relevant evidence**." March 28, 2014 Report (DE# 186-1 at 8, 3/31/14) (emphasis added).

15

IOM report." Plaintiffs' Motion for Reconsideration of Order Excluding Testimony of Dr. Richard P. Bazinet Ph.D. (DE# 227 at 4, 5/5/14). The defendant disputes the plaintiffs' characterization of the FDA ruling:

> [the] FDA nutrient content rule – explicitly states that it is not "a review of the scientific evidence concerning the health effects of consuming EPA and DHA." Instead, it addresses a "very specific, statutorily-defined type of labeling claim" that "characterize[s] the level of a nutrient in a food." "[T]he statutory and regulatory structure" for nutrient content claims "requires that a 'nutrient level' be a single, *precise* reference value." FDA found that the recommendations regarding adequate intake of DHA in a 2002 report from the Institute of Medicine (IOM) entitled Dietary Reference Intakes for Energy, Carbohydrate, Fiber, Fat, Fatty Acids, Cholesterol, Protein, and Amino Acids were "***explicitly approximate***" and therefore could not "be used to characterize a given level of DHA" under the statutory and regulatory structure for nutrient content claims, which require precision. That cannot possibly support Plaintiffs' position that DHA "does not support brain health for the entire U.S. population."

Defendant's Opposition to Plaintiffs' Motion for Reconsideration of the Order Excluding the Testimony of Richard P. Bazinet, Ph.D. (DE# 262 at 3-4, 5/23/14) (footnotes omitted; emphasis in original).

The undersigned finds that this is not new evidence that would support reconsideration of the Court's prior Order (DE# 221, 4/28/14). The sole issue on reconsideration is the undersigned's conclusion that Dr. Bazinet failed to show that the five RCTs he cited to in his reports could be reliably extrapolated to the putative classes in the instant case. The FDA's ruling on nutrient content has no bearing on Dr. Bazinet's failure to explain how the five RCTs could be reliably extrapolated to the putative classes in his November 13, 2013 report and in his March 28, 2014 report.

The FDA ruling is "new" evidence in the sense that it was issued after the plaintiffs responded to the defendant's motion to strike Dr. Bazinet. But it is not new

16

evidence in the sense that it is grounds for reconsideration of the Court's prior Order. The undersigned struck Dr. Bazinet as an expert on one ground: because he failed to show that the five RCTs (which he claims are the "gold standard") could be reliably extrapolated to the putative classes under Daubert. The new FDA ruling does not address that issue. Accordingly, the undersigned will not reconsider the prior Order (DE# 221, 4/28/14) based on the FDA's ruling.

DONE AND ORDERED in Chambers at Miami, Florida this 17 day of June, 2014.

JOHN J. O'SULLIVAN
UNITED STATES MAGISTRATE JUDGE

Copies to:
United States District Judge Lenard
All counsel of record