UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 12-MD-02324-LENARD/MCALILEY

IN RE: HORIZON ORGANIC MILK
PLUS DHA OMEGA-3 MARKETING
AND SALES PRACTICE LITIGATION
_____/

## ORDER DENYING MOTION TO INTERVENE AS PLAINTIFFS WITH NEWLY DISCOVERED EVIDENCE UNDER RULE 24(a) AND 24(b) (D.E. 272)

**THIS CAUSE** is before the Court on a Motion to Intervene as Plaintiffs with Newly Discovered Evidence Under Rule 24(a) and 24(b), filed by Christopher Donnely, Chirstopher Wirth, Jonathan Rich, Frank Taylor, Aasim Stibbins, Frederick Banks, Karen Wilson, Shirley Moore, John Robert Demos, and Marquis B. West—all of whom appear to be inmates at various prisons (collectively, "movants"). ("Motion," D.E. 272.) On June 27, 2014, the current Parties filed a Joint Opposition to Motion to Intervene. ("Response," D.E. 275.) No reply was filed. Upon review of the Motion, Response, and the record, the Court finds as follows.

**I.    Background**

This multi-district litigation action was consolidated and transferred to this Court on February 9, 2012. (See Transfer Order, D.E. 1.) Almost two and one half years later, movants filed the instant Motion to Intervene pursuant to Federal Rules of Civil Procedure 24(a) and (b). (Motion at 1.) In support, they claim that they "will provide exhibits, charts, graphs, and photographs related to this litigation." (Id.) That is the only

support they provide for the relief sought.  Trial in this matter is set for October 6, 2014—less than three months from the date of this Order.

## II.     Legal Standards

Federal Rule of Civil Procedure 24(a) governs intervention as a matter of right. Under that Rule, "[i]ntervention is permitted as a matter of right when the moving party demonstrates that: (1) its motion to intervene is timely; (2) it has an interest relating to the property or transaction that is the subject of the action; (3) it is so situated that disposition of the action, as a practical matter, may impair or impede its ability to protect that interest; and (4) the parties to the action inadequately represent that interest." Am. Fed'n of State, Cnty. & Mun. Emp. (AFSCME) Council 79 v. Scott, 278 F.R.D. 664, 668 (S.D. Fla. 2011).  "All four elements . . . must be met before intervention of right will be permitted."  Id. (citing Chiles v. Thornburgh, 865 F.2d 1197, 1213-14 (11th Cir. 1989)). Thus, "failure to prove any one of the elements requires a court to deny the motion." Id. (citing Chiles, 865 F.2d at 1213-14).  "The asserted interest, furthermore, must be supported by a 'direct, substantial and legally protectable interest in the proceedings.'" Id. (quoting Purcell v. BankAtlantic Fin. Corp., 85 F.3d 1508, 1512 (11th Cir. 1996)). Finally, "[t]he proposed intervenor bears the burden of showing that the existing parties cannot adequately represent its interest, however, this burden is minimal." Id. (citing Fed. Sav. & Loan Ins. Corp. v. Falls Chase Special Taxing Dist., 983 F.2d 211, 216 (11th Cir. 1993)).

Federal Rule of Civil Procedure 24(b) governs permissive intervention.  Relevant to this case, Rule 24(b)(1)(B) permits the intervention of someone who "has a claim or

2

defense that shares with the main action a common question of law or fact." However, "[e]ven when the requirements of Rule 24(b) are satisfied, it is in the court's sole discretion whether to allow intervention." Id. (citing Purcell, 85 F.3d at 1513). "The court considers whether the intervention would unduly delay proceedings or prejudice the adjudication of the original parties' rights." Id. (citing Purcell, 85 F.3d at 1513).

**III. Discussion**

With respect to intervention as a matter of right, movants have failed to allege any of the factors required by Rule 24(a), much less demonstrate that they exist in this case. With respect to permissive intervention, movants have failed to allege what their claims are, much less establish how they are based on questions of fact or law similar to those raised in this case. They also fail to allege that the intervention will not unduly delay the proceedings or prejudice the adjudication of the original parties' rights.

Instead, movants offer a barebones motion alleging only that they "will provide exhibits, charts, graphs, and photographs related to this litigation." (Motion at 1.) This is woefully insufficient to carry their burden of establishing their right to intervene, or that permissive intervention is proper. Courts have consistently denied nearly identical barebones motions to intervene filed by several of the very movants in this case. See In re: Nuvaring Prods. Liab. Litig., No. 4:08-md-01964-RWS, Order, D.E. 1716 (E.D. Mo. June 13, 2014) (denying motion to intervene because it did "not provide any basis to allow these movants to intervene in this matter"); In re: NCAA Student-Athlete Name & Likeness Licensing Litig., No. 4:09-cv-01967-CW, Order Denying Motion to Intervene, D.E. 1116 (N.D. Cal. June 11, 2014) (denying motion to intervene because it fail[ed] to

3

provide any information about the individuals seeking to intervene or their specific reasons for intervention"); In re: Vitamin C Antitrust Litig., No. 1:06-cv-01738-BMC-JO, Order, D.E. 903 (E.D.N.Y. June 3, 2014) (denying motion to intervene because "[n]o adequate grounds have been stated and the motion is untimely"); In re: Avandia Mktg., Sales Practices & Prods. Liab. Litig., No. 2:07-md-01871-CMR, D.E. 4040 (E.D. Pa. May 30, 2014) (denying motion to intervene because it "provide[d] no information regarding any interests or claim the proposed interveners can assert that is relevant to the Avandia Multidistrict Litigation"); In re: Photochromic Lens Antitrust Litig., No. 8:10-md-02173-JDW-EAJ, Order, D.E. 588 (M.D. Fla. May 29, 2014) (denying motion to intervene because it "fail[ed] to state an adequate factual or legal basis on which intervention would be allowed" and "given all of the circumstances of this case, the motion is untimely").

 Likewise, here, movants completely fail to provide a basis for intervention, as providing exhibits, charts, graphs, and photographs is not a basis for intervention under Rule 24(a) or (b). Nor did they provide any information about themselves that could conceivably establish either that they have "an interest relating to the property or transaction that is the subject of the action," or that they are "so situated that disposition of the action, as a practical matter, may impair or impede its ability to protect that interest." Scott, 278 F.R.D. at 668. That is, movants "fail[ed] to state an adequate factual or legal basis on which intervention would be allowed[.]" In re: Photochromic Lens Antitrust Litig., No. 8:10-md-02173-JDW-EAJ, D.E. 588. And, to top it all off, the Motion is untimely—this case has been heavily litigated for nearly two and one half

years, and trial is set to begin in less than three months. For all of these reasons, movants are not entitled to intervention.

## IV. Conclusion

Accordingly, it is **ORDERED AND ADJUDGED** that movants' Motion to Intervene as Plaintiffs with Newly Discovered Evidence Under Rule 24(a) and 24(b) (D.E. 272), filed June 10, 2014, is **DENIED**.

**DONE AND ORDERED** in Chambers at Miami, Florida this 10th day of July, 2014.

                                                                               **JOAN A. LENARD**
                                                                               **UNITED STATES DISTRICT JUDGE**