UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 12-MD-02324-LENARD/MCALILEY

IN RE: HORIZON ORGANIC MILK
PLUS DHA OMEGA-3 MARKETING
AND SALES PRACTICE LITIGATION
_____/

**ORDER OVERRULING PLAINTIFFS' OBJECTIONS TO ORDERS EXCLUDING TESTIMONY OF RICHARD P. BAZINET Ph.D. (D.E. 276) AND LIFTING BRIEFING STAY ON DEFENDANTS' MOTIONS FOR SUMMARY JUDGMENT**

**THIS CAUSE** is before the Court on Plaintiffs' Objections to Magistrate Judge John J. O'Sullivan's Orders Excluding Testimony of Richard P. Bazinet, Ph.D. ("Objections," D.E. 276), filed July 1, 2014. Defendant filed a Response on July 18, 2014 ("Response," D.E. 279), to which Plaintiffs filed a Reply on August 5, 2014 ("Reply," D.E. 285). Upon review of Judge O'Sullivan's Orders, as well as the Objections, Response, Reply, and the record, the Court finds as follows.

**I.     Relevant Background**

This multi-district litigation, consisting of seven separate putative class actions, was transferred to this Court on February 9, 2012. (See Transfer Order, D.E. 1.) Plaintiffs are consumers of Defendant's milk products. The gravamen of each of the complaints is that a statement that appears on Defendant's milk cartons—i.e., that "DHA Omega-3 Supports Brain Health"—is false and misleading.[1]

---

[1]   See First Am. Class Action Compl. for Plas. Colleen Auer and Veronica Sisneros, D.E. 58 ¶¶ 1-2; First Am. Class Action Compl. for Pla. Michelle Schucher, D.E. 59 ¶¶ 1-2; Second Am. Class Action Compl. for Pla. Jamie Walker, D.E. 60 ¶¶ 1-2; First Am. Class Action

Richard P. Bazinet, Ph.D. is an expert in the field of nutritional neuroscience. (See Expert Report of Richard Paul Bazinet, Ph.D. ("Bazinet Report") D.E. 146-3.) Plaintiffs retained Dr. Bazinet "to review and assess the 'Supports Brain Health' and 'Supports a Healthy Brain' representations on the labels of, and in advertisements for, [Defendant's] organic milk and soy milk products with the algal oil derived DHA additive . . . ." (Id. at 4-5.) Dr. Bazinet issued an expert report on November 13, 2013, explaining that he

> reviewed several levels of evidence including randomized controlled trials using DHA and others using mixtures of omega-3 fatty acids from fish oil as well as observational studies of fish oil and meta-analyses of these studies. However, <u>because there are sufficient randomized controlled trials assessing the algal DHA used in the Milk Products with added DHA on brain function, [he] did not need to consider studies examining fish oil, observational studies or other sources of lower quality evidence in forming [his] opinion</u>. And, [he] <u>limited [his] focus to healthy individuals</u> as that is the target population for the Milk Products with added DHA. [He] also <u>focused on the primary endpoint(s) of the trials as secondary analyses are not appropriate for drawing conclusions because they can produce spurious results</u>.

(Id. at 5-6 (emphasis added).[2]) Dr. Bazinet concluded that the algal-derived DHA in Defendant's milk "is superfluous and provides no measureable brain health benefit or support." (Id. at 5.)

On February 21, 2014, Defendant filed a Motion to Strike and/or Exclude Dr. Bazinet's testimony and opinions as not relevant and unreliable under Rule 702 of the

---

Compl. for Pla. Steven Hulsey, D.E. 61 ¶¶ 1-2; First Am. Class Action Compl. for Plas. Dr. Brie Gindele and Wendy Wilson, D.E. 62 ¶¶ 1-2; Second Am. Class Action Compl. for Pla. Evereth Barrera, D.E. 63 ¶¶ 1-2; Class Action Complaint (Sarah English), D.E. 113-1 ¶¶ 1-2.

[2] The added emphases are consistent with the emphases provided in Judge O'Sullivan's Order. (See Order, D.E. 221 at 4.)

Federal Rules of Evidence and <u>Daubert v. Merrell Dow Pharms.</u>, 509 U.S. 579 (1993).[3] (D.E. 146).  With respect to relevance, Defendant argued that Dr. Bazinet's testimony does not "fit" this case for three reasons: (1) Dr. Bazinet testified at deposition that "[t]here's not enough evidence in the literature to show that the DHA in the [Defendant's] products supports brain health," whereas the Plaintiffs are seeking to prove that competent scientific evidence shows that the "Supports Brain Health" and "Supports a Healthy Brain" representations are actually false; (2) Dr. Bazinet limited his focus to "healthy" individuals, but the purported class of Plaintiffs is "all purchasers" which include both health and unhealthy individuals; and (3) the Defendant never represented that its algal-derived DHA milk products would "improve brain function."  (Def. Motion to Strike, D.E. 146 at 3-4.)[4]  With respect to reliability, Defendant argued that: (1) Dr. Bazinet "cherry-picked" five randomized controlled trials ("RCTs") among "over a thousand scientific articles on DHA and the brain;" (2) the five "cherry-picked" RCTs do not support Dr. Bazinet's testimony; and (3) Dr. Bazinet fails to explain how these five RCTs involving 49 women and 658 children (mostly in the United Kingdom) can be reliably extrapolated to all "healthy" people.  (<u>Id.</u> at 4-5.)

On March 31, 2014, Plaintiffs filed a Response (D.E. 186) to Defendant's Motion to Strike, relying on a new Declaration by Dr. Bazinet, issued March 28, 2014 ("Bazinet Declaration," D.E. 186-1).  Defendant filed a motion to strike the Declaration, which has

---

[3] Defendant did not challenge Dr. Bazinet's qualifications as an expert. (<u>See</u> Order at 9.)

[4] The page numbers cited in this Order are the electronically-assigned page numbers in CM/ECF, not the page numbers assigned by the Parties.

been referred to Magistrate Judge Chris McAliley. (See D.E. 211.)[5] However, Judge O'Sullivan found that even if Judge McAliley ultimately strikes it from the record, the Declaration was consistent with Dr. Bazinet's deposition testimony and previous expert report, and Judge O'Sullivan would therefore consider it for purposes of the Daubert motion. (Order at 8-9.) Defendant filed a reply to Plaintiffs' response on April 24, 2014. (See D.E. 216.)

On April 28, 2014, Judge O'Sullivan issued a 29-page Order granting the Defendant's Motion to Strike and/or Exclude the Testimony and Opinions of Dr. Bazinet. (Order 1, D.E. 221.) With respect to relevance, Judge O'Sullivan found that Dr. Bazinet's testimony does "fit" the case. (Id. at 12-15.) This conclusion is not at issue in the instant Motion.

With respect to reliability, Judge O'Sullivan concluded that Defendant's first two arguments, i.e., that (1) Dr. Bazinet "cherry picked" the five RCTs while ignoring several other scientific articles and studies, and (2) the five RCTs did not support Dr. Bazinet's conclusion, went to the weight the trier of fact should give Dr. Bazinet's testimony and Dr. Bazinet's credibility, not to admissibility. (Id. at 16, 26.)

However, Judge O'Sullivan agreed with Defendant's third reliability argument, i.e., that Dr. Bazinet's testimony is unreliable under Daubert because he "failed to explain how he can extrapolate the results of five []short studies in 49 women and 658 children to

---

[5] Defendant's motion to strike the declaration was originally referred to Magistrate Judge Jonathan Goodman (see D.E. 211), who subsequently recused from this case; thereafter, the matter was reassigned to Judge McAliley (see D.E. 214).

all 'healthy' people (let alone the 'all-purchaser' classes that [the p]laintiffs propose),"

(id. (quoting Def. Motion to Strike at 21).)

>The defendant notes that "well over half of the subjects in Dr. Bazinet's five studies were children living in the United Kingdom" and that "Dr. Bazinet makes no attempt to demonstrate that the results of studies conducted on U.K. children can be reliably extrapolated to U.S. children, let alone adults." Id. at 22. The defendant further notes that "Dr. Bazinet's [March 28, 2014 declaration] is devoid of explanation as to how he can reliably extrapolate the studies he relies on to the facts of these cases, and [the p]laintiffs' opposition is likewise devoid of argument." Defendant's Reply in Support of Motion to Strike and/or Exclude the Testimony and Opinions of Richard P. Bazinet, Ph.D. (DE# 216 at 11, 4/24/14).

>Neither the plaintiffs nor Dr. Bazinet address the defendant's extrapolation argument. "Determining the minimum sample size from which reliable extrapolations can be made to the sampled population is tricky." DeKoven v. Plaza Assocs., 599 F.3d 578, 581 (7th Cir. 2010) (citing Floyd J. Fowler, Jr., Survey Research Methods 45 (4th ed. 2008). Here, Dr. Bazinet does not even attempt to argue that the sample size of the 5 RCTs of women and children (involving mostly subjects in the United Kingdom) are sufficient to make a reliable extrapolation to the putative classes of consumers of the defendant's milk products in the United States. The undersigned is not saying that the 5 RCTs cannot scientifically be extrapolated to apply to the putative classes through reliable expert testimony. Rather, Dr. Bazinet simply ignores the issue and makes no attempt to explain how this extrapolation can be made. See In re Human Tissue Prods. Liab. Litig., 582 F. Supp. 2d 644, 678 (D. N.J. 2008) (excluding portions of expert's testimony in part because "[expert] failed to explain how studies involving discrete populations of individuals could be extrapolated to those outside of these discrete populations."); In re Phenylpropanolamine (PPA) Products Liability Litigation, 289 F. Supp. 2d 1230, 1246 (W.D. Wash. 2003) (admitting expert testimony as reliable under Daubert where expert "clearly set forth the steps followed in extrapolating [the] evidence" even though "defendants demonstrated some problems posed by extrapolation and dispute the conclusions reached."). The party seeking to introduce the expert testimony has the burden of establishing reliability under Daubert. The plaintiffs have not shown that the RCTs underlying Dr. Bazinet's opinion can be reliably extrapolated to the putative classes.

5

(Id at 27-28.)  Accordingly, Judge O'Sullivan granted Defendant's Motion to Strike and excluded Dr. Bazinet's testimony as unreliable under Daubert.  (Id. at 29.)

On May 5, 2014, Plaintiffs filed a Motion for Reconsideration of Order Excluding Testimony of Richard P. Bazinet.  ("Motion for Reconsideration," D.E. 227.)  The Motion for Reconsideration argued that reconsideration was warranted because:

> (1) it would be manifestly unjust to deprive Plaintiffs of the use of Dr. Bazinet's testimony in this case because he has supported his opinion with the IOM [Institute of Medicine] study and other data that is directly on point and requires no extrapolation; (2) the IOM and the other data was overlooked or misapprehended by the Court in deciding to strike Dr. Bazinet's entire opinion for failure to extrapolate despite multiple citations to the IOM and that data in Plaintiff's Response; (3) Dr. Bazinet did explain how all of the data he relied upon, including the five RCTs, could be extrapolated to the class; and (4) the FDA final rule is truly new evidence that directly supports Dr. Bazinet's opinion without extrapolation.

(Motion for Reconsideration at 5-6.)

On June 17, 2014, Judge O'Sullivan denied Plaintiffs' Motion for Reconsideration.  (Reconsideration Order 2, D.E. 274.)  With respect to Plaintiffs' first two arguments, Judge O'Sullivan stated that:

> Essentially, the plaintiffs claim that because they cited multiple times to the IOM report and to other evidence to refute other arguments raised by the defendant in its motion to strike, the Court misapprehended or overlooked the IOM report and other evidence by not sua sponte applying this evidence to refute the defendant's extrapolation argument.  The undersigned did not "overlook" or "misapprehend" an argument that the plaintiffs never made.

(Id. at 8.)  He further noted: "It is also telling that the plaintiffs felt compelled to submit a new declaration from Dr. Bazinet to explain the extrapolation of the five RCTs, a subject which they purportedly addressed in their response to the motion to strike."  (Id. at 9

6

(citing Declaration of Richard P. Bazinet in Support of Motion for Reconsideration (D.E. 227-1 at 3-4)).)

> The plaintiffs now seek to introduce a new declaration from Dr. Bazinet in order to show how the five RCTs can be reliably extrapolated to the instant case. The plaintiffs should have provided this explanation in the first instance, in response to the defendant's motion to strike. The plaintiffs have offered no valid reason why Dr. Bazinet could not have addressed the issue earlier, especially when the defendant raised the extrapolation argument in its initial brief, in a separate and clearly labeled subsection entitled "Dr. Bazinet Failed to Explain How He Can Extrapolate the Results of Five Short Studies in 49 Women and 658 Children to 'All-Purchaser' Classes." Defendant's Motion to Strike and/or Exclude the Testimony and Opinions of Richard P. Bazinet, Ph.D. and Incorporated Memorandum of Law (DE# 146 at 21, 2/21/14). Parties who ignore arguments made by their opponents do so at their own peril and should not rely on the restrictive standard of a motion for reconsideration to provide them with a second bite at the apple.

(Id. at 9-10.)

Judge O'Sullivan also rejected Plaintiffs' related argument that "Dr. Bazinet did explain how all of the data he relied upon . . . could be extrapolated to the class." (Motion for Reconsideration at 6.) Judge O'Sullivan points out that Plaintiffs attempted to demonstrate how Dr. Bazinet explained the extrapolation by cherry picking separate arguments addressing separate issues in their Response to the Daubert Motion:

> The fact that the plaintiffs have now combed through multiple and at times non-sequential pages of their opposition to the motion to strike to show where Dr. Bazinet purportedly addressed the defendant's extrapolation argument speaks volumes. It is not the Court's responsibility to mine the record in order to find evidence to refute an argument raised by one of the parties. As the proponents of the expert, it was the plaintiffs' burden to show that Dr. Bazinet's testimony met the requirements of Daubert. See United States v. Frazier, 387 F.3d 1244, 1260 (11th Cir. 2004) (en banc) (citing Quiet Tech. DC-8 v. Hurei-Dubois UK Ltd., 326 F.3d 1333, 1341 (11th Cir. 2003)). The plaintiffs never addressed the extrapolation argument in their response to the defendant's motion to strike and should

7

>not be permitted to do so now under the narrow standard for granting motions for reconsideration. The Court's failure to consider an argument which the plaintiffs never made is hardly the clear error or manifest injustice required to grant the "extraordinary" and sparingly used remedy of reconsideration.

(Reconsideration Order at 8-9.)

Judge O'Sullivan also rejected Plaintiffs argument that their "ability to prove their case will be extremely prejudiced if the testimony of their sole merits expert is excluded . . . ." (Id. at 13 (quoting Motion for Reconsideration at 16).)  He noted that "[t]he adverse effect of a ruling on one of the parties is not a recognized ground for reconsideration." (Id.)  "In light of Dr. Bazinet's importance to the plaintiffs' case, the plaintiffs should have responded to all the challenges raised by the defendant in their motion to strike Dr. Bazinet, including Dr. Bazinet's failure to extrapolate the five RCTs to the putative classes.  Having failed to respond to the extrapolation argument in the first instance, the plaintiffs should not be permitted to reopen the proceedings." (Id. at 14.)

Finally, Judge O'Sullivan found that the FDA's Nutrition Content Rule is not "new evidence" which would warrant a reconsideration of the Court's prior ruling. (Id. at 15.)  He acknowledges that the FDA ruling "is 'new' evidence in the sense that it was issued after the plaintiffs responded to the defendant's motion to strike Dr. Bazinet." (Id. at 16.)  However, Judge O'Sullivan explained that he "struck Dr. Bazinet as an expert on one ground: because he failed to show that the five RCTs (which he claims are the "gold standard") could be reliably extrapolated to the putative classes under Daubert.  The new FDA ruling does not address that issue."  Accordingly, Judge O'Sullivan denied the Motion for Reconsideration. (Id. at 17.)

8

On July 1, 2014, Plaintiffs filed the instant Objections to Orders Excluding Testimony of Richard P. Bazinet Ph.D. ("Objections," D.E. 276.)  They contend that Judge O'Sullivan's Orders are contrary to law, arguing:

> 1) the Magistrate Judge excluded Dr. Bazinet's entire opinion based solely on case law concerning improper "extrapolation" of the RCTs, but Dr. Bazinet's opinion rested upon other, non-RCT evidence sufficient in itself to establish inefficacy that required no extrapolation; 2) there is ample testimony in the record from Dr. Bazinet where he properly explains and extrapolates all the data he relied upon and there is not a single reported case excluding an expert's opinion based upon failure to extrapolate RCTs where, as here, the RCTs were on humans, were on the exact substance at issue and studied the same anatomy; and 3) Plaintiffs presented important new evidence on reconsideration—a new final rule issued by the United States Food and Drug Administration ("FDA"), which applies to the entire class of consumers, requires no extrapolation and directly supports Dr. Bazinet's opinion, regardless of whether the RCTs are admitted.

(Id. at 1-2.)

On July 18, 2014, Defendant filed a Response to Plaintiffs' Objections. ("Response," D.E. 279.)  It argues that although "Plaintiffs rely exclusively on the 'contrary to law' standard of review, . . . [they] fail to identify a single instance where the Court 'fail[ed] to apply or misapplie[d] relevant statutes, case law or rules of procedure." (Id. at 3 (quoting Coach, Inc. v. Swap Shop, Inc., 2013 WL 4407064, at *1 (S.D. Fla. Aug. 13, 2013)).)  "Indeed, Plaintiffs do not even mention the law that applies to the Court's finding that Plaintiffs did not 'address the defendant's extrapolation argument in their response brief and Dr. Bazinet similarly did not explain how he extrapolated the data . . . .'" (Id. (quoting Order 2 at 2).)  Thus, Defendant contends that the Court should overrule the Objections because "the law is uniform that": (1) experts must "'explain[] how the findings' of the studies they rely on 'may be reliably connected to the facts of the

9

particular case'" (id. (quoting Hendrix v. Evenflo Co., 609 F.3d 1183, 1196-97 (11th Cir. 2010) (emphasis added by Defendant)); and (2) counsel "'must make all arguments accessible to the judges, rather than ask them to play archaeologist with the record'" (id. (quoting DeSilva v. DiLeonardi, 181 F.3d 865, 867 (7th Cir. 1999))).

On August 5, 2014, Plaintiffs filed a Reply. (D.E. 285.) They argue that even if the Court excludes the RCT evidence for failure to extrapolate, it would be contrary to law to exclude the other, non-RCT evidence which requires no extrapolation that Dr. Bazinet relied upon in forming his conclusion. (Id. at 1-3.) They further argue that Dr. Bazinet sufficiently explained why the evidence he relied upon supported his conclusion. (Id. at 3-8.) Finally, they argue that the FDA Report constitutes new evidence and that Judge O'Sullivan erred by declining to consider it.

## II.    Legal Standard

Pursuant to Rule 72(a) of the Federal Rules of Civil Procedure, when a magistrate judge issues an order on a non-dispositive pre-trial matter, a party may "file objections to the order within 14 days after being served with a copy." "The district judge in the case must consider timely objections and modify or set aside any part of the order that is clearly erroneous or is contrary to law." Fed. R. Civ. P. 72(a); see also 28 U.S.C. § 636(b)(1)(A) (providing that "a judge may designate a magistrate judge to hear and determine" a pretrial matter, and the magistrate judge's order may be reconsidered only if it "is clearly erroneous or contrary to law"). Here, Plaintiffs rely solely on the "contrary to law" standard. "'An order is contrary to law when it fails to apply or misapplies relevant statutes, case law or rules of procedure.'" SEC v. Kramer, 778 F. Supp. 2d

10

1320, 1327 (M.D. Fla. 2011) (quoting Tompkins v. R.J. Reynolds Tobacco Co., 92 F. Supp. 2d 70, 74 (N.D.N.Y. 2000)) (internal quotation marks omitted).

### III.  Discussion

The narrow issue before the Court is whether Judge O'Sullivan's order excluding Dr. Bazinet's testimony because Dr. Bazinet failed to extrapolate the results of the five RCTs to the facts of this case was contrary to law—that is, whether it "fails to apply or misapplies relevant statutes, case law or rules of procedure." Kramer, 778 F. Supp. 2d at 1327 (citation and internal quotation marks omitted).  Plaintiffs argue that (1) Dr. Bazinet relied upon other evidence that required no extrapolation, (Objections at 4-8), (2) ample evidence demonstrates how the RCTs can be extrapolated, (id. at 8-15), and (3) they presented new evidence that required reconsideration, (id. at 15-18).  Defendant argues that Plaintiffs have not demonstrated how Judge O'Sullivan's Orders are contrary to law. (Response at 2-3.)

Rule 702 of the Federal Rules of Evidence provides, in relevant part, that "[a] witness who is qualified as an expert . . . may testify in the form of an opinion or otherwise if . . . the expert has reliably applied the principles and methods to the facts of the case." Fed. R. Evid. 702(d).  "Rule 702 compels the district courts to perform the critical 'gatekeeping' function concerning the admissibility of expert scientific evidence." United States v. Frazier, 387 F.3d at 1244, 1260 (11th Cir. 2004) (citing Daubert, 509 U.S. at 589 n.7).  "This function 'inherently require[s] the trial court to conduct an exacting analysis' of the foundations of expert opinions to ensure they meet the standards for admissibility under Rule 702." Id. (quoting McCorvey v. Baxter Healthcare Corp.,

298 F.3d 1253, 1257 (11th Cir. 2002)). The "objective" of the gatekeeping requirement "is to ensure the reliability and relevancy of expert testimony. It is to make certain that an expert, whether basing testimony upon professional studies or personal experience, employs in the courtroom the same level of intellectual rigor that characterizes the practice of an expert in the relevant field." Kumho Tire Co., Ltd. v. Carmichael, 526 U.S. 137, 152 (1999). For example, a court may require an expert relying on scientific studies to "explain[] how the findings of those studies may be reliably connected to the facts of the particular case." Hendrix, 609 F.3d at 1196-97 (citing Rider v. Sandoz Pharms Corp., 295 F.3d 1194, 1198 (11th Cir. 2002)). "The importance of Daubert's gatekeeping requirement cannot be overstated." Frazier, 387 F.3d at 1260.

The Court finds that Judge O'Sullivan's Order is not contrary to law. Plaintiffs have not identified a single instance where Judge O'Sullivan failed to apply, or misapplied, a statute, case law, or rule. See Kramer, 778 F. Supp. 2d at 1327. Judge O'Sullivan issued an Order granting Defendant's Daubert Motion and striking Dr. Bazinet's opinion because "plaintiffs chose not to address the defendant's extrapolation argument in their response brief and Dr. Bazinet similarly did not explain how he extrapolated the data of the five RCTs during his deposition, in his original report dated November 13, 2013 or in his March 28, 2014 merits report, filed after the defendant had raised its extrapolation argument." (Reconsideration Order, D.E. 274 at 2.) Now, making the same argument here as they did, unsuccessfully, in their Motion for Reconsideration, Plaintiffs "want to devote time and a third expert declaration to showing that extrapolation of the five RCTs in the instant case is either possible or not necessary,"

12

(id. at 14), but there is no law contrary to Judge O'Sullivan's finding that Plaintiffs "should have made these arguments in the first instance, rather than waiting until the Court ruled against them to address an issue that was prominently raised in the defendant's opening brief[,]" (id. at 14-15). For these reasons, and for those set forth below, Plaintiffs' Objections are overruled.

### A. Evidence that requires no extrapolation

First, Plaintiffs argue that excluding Dr. Bazinet's entire opinion based upon his failure to extrapolate was contrary to law because Dr. Bazinet relied upon evidence that required no extrapolation. However, in their Opposition to Defendants' Daubert Motion, Plaintiffs were singing a different tune: "The five RCTs he relies upon 'represent the totality of the scientifically credible and relevant evidence, and are the best evidence to determine whether Defendant's DHA-derived algal oil supplement provides any brain health benefit.'" (D.E. 186 at 7 (citing Bazinet Decl. at 7).) Additionally, responding to the same argument in denying reconsideration, Judge O'Sullivan noted that "in his March 28, 2014 Report, Dr. Bazinet states that "these five RCTs comprise all the relevant trials performed with the algal DHA used in the Milk Products in healthy children and adults and thus represent the totality of the scientifically credible and relevant evidence." (D.E. 274 at 14-15 n.6 (citing Bazinet's March 28, 2014 Report (D.E. 186-1 at 8)).) The first time that Plaintiffs so much as mentioned that Dr. Bazinet's opinion would be the same even without the RCTs was in a footnote in their Motion for Reconsideration. (D.E. 227 at 8 n.7.)

13

Plaintiffs contend that Dr. Bazinet relied on: (1) findings by an IOM report that "applies to all Americans and requires no extrapolation," (Objections at 5); (2) "the fact that in the last thirty or so years, there has been only *one* reported 'case of omega-3 fatty acid deficiency in the USA,'" (id. citing Bazinet's Decl. at 9); and (3) "basic chemistry and the biology of the human brain and the way ALA interacts with it[,]" (id. at 6). However, "they never once cited to the IOM report or the sufficiency of DHA in the American diet as a basis for refuting the defendant's argument that Dr. Bazinet failed to extrapolate the five RCTs," and "[e]very instance where the plaintiffs cited to the IOM, to science or to the fact that there have been no reported cases of omega-3 fatty acid deficiency in the United States in approximately thirty years in their opposition to the motion to strike addressed an argument other than the defendant's extrapolation argument." (Reconsideration Order at 5, 7-8.) "There is a difference between evidence in the record that could support an argument and actually making that argument[,]" (id. at 15), and the Court's refusal to "consider an argument which the plaintiffs never made" is not contrary to law. See Fils v. City of Aventura, 647 F.3d 1272, 1284 (11th Cir. 2011) ("[D]istrict courts cannot concoct or resurrect arguments neither made nor advanced by the parties."); see also Resolution Trust Corp. v. Dunmar Corp., 43 F.3d 587, 599 (11th Cir. 1995) ("There is no burden upon the district court to distill every potential argument that could be made based upon the materials before it on summary judgment.").

For these reasons, the Court overrules Plaintiffs objection that Dr. Bazinet relied upon non-RCT evidence that required no extrapolation.

### B.      Evidence that demonstrates how the RCTs can be extrapolated

Next, Plaintiffs argue that excluding Dr. Bazinet's opinion is contrary to law because "ample evidence demonstrates how the RCTs can be extrapolated." (Objections at 8.) However, the issue was never that the RCTs <u>cannot</u> be extrapolated, but that Dr. Bazinet <u>did not</u> extrapolate them. Judge O'Sullivan's original Order stated as much: "The undersigned is not saying that the 5 RCTs cannot scientifically be extrapolated to apply to the putative classes through reliable expert testimony. Rather, Dr. Bazinet simply ignores the issue and makes no attempt to explain how this extrapolation can be made." (D.E. 221 at 28 (citing <u>In re Human Tissue Prods. Liab. Litig.</u>, 582 F. Supp. 2d at 678 (excluding portions of expert's testimony in part because "[expert] failed to explain how studies involving discrete populations of individuals could be extrapolated to those outside of these discrete populations."); <u>In re Phenylpropanolamine (PPA) Prods. Liab. Litig.</u>, 289 F. Supp. 2d at 1246 (admitting expert testimony as reliable under Daubert where expert "clearly set forth the steps followed in extrapolating [the] evidence" even though "defendants demonstrated some problems posed by extrapolation and dispute the conclusions reached.")).)

"Reconsideration motions may not [be] used 'to permit losing parties to prop up arguments previously made or to inject new ones,' nor 'to relieve a party of the consequences of its original, limited presentation.'" <u>Regions Bank v. Commonwealth Land Title Ins. Co.</u>, No. 11-23257-CIV, 2012 WL 6553966, at *3 (S.D. Fla. Dec. 14, 2012) (quoting <u>Miss. Valley Title Ins. Co. v. Marion Bank & Trust Co.</u>, Civil Action No. 11-0538-WS-C, 2012 WL 5328644, at *1 (S.D. Ala. Oct. 26, 2012)). "A party who fails

15

to present its strongest case in the first instance generally has no right to raise new theories or arguments in a motion for reconsideration." McGuire v. Ryland Grp., Inc. 497 F. Supp. 2d 1356, 1358 (M.D. Fla. 2007) (citations and internal quotation marks omitted).

Plaintiffs again spend several pages in their Objections showing how the RCTs allegedly can be extrapolated, (see id. at 9-13), but Dr. Bazinet's opinion was stricken because Plaintiffs failed to make these arguments in response to the section of Defendant's Daubert Motion labeled: "Dr. Bazinet Failed to Explain How He Can Extrapolate the Results of Five Short Studies in 49 Women and 658 Children to 'All-Purchaser' Classes." (D.E. 146 at 21.) Additionally, Plaintiffs spend two pages of their Objections discussing Dr. Bazinet's third Declaration—submitted as an attachment to their Motion for Reconsideration—which Judge O'Sullivan declined to consider, except to note that it was "telling that the plaintiffs felt compelled to submit a new declaration from Dr. Bazinet to explain the extrapolation of the five RCTs, a subject which they purportedly addressed in their response to the motion to strike." (Reconsideration Order at 9.) Judge O'Sullivan also added that because he would not reconsider his prior order there was "no need to strike" the third Declaration. (Id. at n.2.) The Parties now dispute whether the third Declaration is a part of the record, but the Court need not resolve the dispute because Plaintiffs do not object to Judge O'Sullivan's refusal to consider it. And, in any event, Plaintiffs assert that Dr. Bazinet's third Declaration merely "clarified his earlier testimony," (Objections at 13), and, "to the extent it was previously obscure, . . .

16

more fully addressed the Court's concerns about extrapolation[,]" (id. at 14). Thus, by Plaintiffs' own admission, the third Declaration is surplusage.

Ultimately, Judge O'Sullivan concluded that Plaintiffs evidence showing that the RCTs can be extrapolated could have been and should have been made in response to the original Daubert motion: "The plaintiffs did not address the extrapolation argument in their response to the defendant's Daubert challenge and should not be permitted do so now on a motion for reconsideration." (Reconsideration Order at 15 (citing Wilchombe v. TeeVee Toons, Inc., 555 F.3d 949, 958 (11th Cir. 2009)).) Judge O'Sullivan's conclusion is not contrary to law. See Wilchombe, 555 F.3d at 958 (stating that arguments that "could and should have been presented to the district court for consideration prior to [its] decision on the summary judgment motion" were properly rejected for this reason on a motion for reconsideration); Regions Bank, 2012 WL 6553966, at *3; McGuire, 497 F. Supp. 2d at 1358.

### C. New evidence that requires reconsideration

Finally, Plaintiffs argue that they presented new evidence that required reconsideration. (See Objections at 15.) Specifically, they argue that

> after briefing on the Motion to Strike was closed, on April 22, 2014, the FDA issued a final rule that concluded that DHA is not an essential nutrient and that there is no recommended daily allowance for it, citing the same Institute of Medicine ("IOM") report Dr. Bazinet relied upon. This new and final ruling, which applies to the entire U.S. population, supports Dr. Bazinet's opinion and its extrapolation to the putative class, regardless of whether the Court ultimately prohibits reference to the RCTs.

(Id. at 3.) Judge O'Sullivan found that the FDA ruling was not "new evidence" supporting reconsideration of the Court's previous Order because it "has no bearing on

17

Dr. Bazinet's failure to explain how the five RCTs could be reliably extrapolated to the putative classes in his November 13, 2013 report and in his March 28, 2014 report." (Reconsideration Order at 16.)  Judge O'Sullivan "struck Dr. Bazinet as an expert on one ground: because he failed to show that the five RCTs (which he claims are the 'gold standard') could be reliably extrapolated to the putative classes under Daubert.  The new FDA ruling does not address that issue." (Id. at 17.)

On motions for reconsideration for newly discovered evidence, the Eleventh Circuit employs "a five-part test that a movant must meet in order to be entitled to" relief:

> (1) the evidence must be newly discovered since the trial [or final judgment or order]; (2) due diligence on the part of the movant to discover the new evidence must be shown; (3) the evidence must not be merely cumulative or impeaching; (4) the evidence must be material; and (5) the evidence must be such that a new trial [or reconsideration of the final judgment or order] would probably produce a new result.

Application of Consorcio Ecuatoriano de Telecomunicaciones S.A. v. JAS Forwarding (USA), Inc., 747 F.3d 1262, 1274 (11th Cir. 2014) (quoting Waddell v. Hendry Cnty. Sheriff's Office, 329 F.3d 1300, 1309 (11th Cir. 2003) (citing Toole v. Baxter Healthcare Corp., 235 F.3d 1307, 1316 (11th Cir. 2000))).

Assuming arguendo that the FDA ruling says what Plaintiffs claim it says—which Defendant hotly disputes—it would only "support" an argument Plaintiffs never made in opposition to Defendant's Daubert Motion.  It is therefore immaterial to Judge O'Sullivan's ruling, and his refusal to consider it is not contrary to law.  See id.

**IV.     Conclusion**

Accordingly, it is **ORDERED AND ADJUDGED** that:

**(1)**  Plaintiffs' Objections to Judge O'Sullivan's Orders Excluding Testimony of Richard P. Bazinet (D.E. 276), filed July 1, 2014, are **OVERRULED**;

**(2)**  The briefing stay on Defendant's Motions for Summary Judgment (D.E. 265), issued May 28, 2014, is **LIFTED**;

**(3)**  Plaintiffs shall have twenty (20) days from the date of this Order within which to file a Response to Defendant's Motions for Summary Judgment; and

**(4)**  Defendant shall have ten (10) days following the filing of a Response within which to file a Reply.

**DONE AND ORDERED** in Chambers at Miami, Florida this 7th day of November, 2014.

*[signature: Joan A. Lenard]*

**JOAN A. LENARD**
**UNITED STATES DISTRICT JUDGE**